[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#105)
On July 26, 1995, the plaintiffs, Nathan and Elizabeth Pusey, filed a one count complaint against the defendant, Joseph Fullin. The plaintiffs allege that their property is subject to a restrictive covenant precluding the installation of a swimming pool without the defendant's permission, and that defendant has unreasonably and arbitrarily refused to give written permission. The plaintiffs now seek a mandatory injunction that the defendant grant the plaintiffs written permission to install a swimming pool.
On November 22, 1995, the defendant filed a motion for summary judgment on the ground that the plaintiffs' action is barred by the doctrine of res judicata. The plaintiffs filed a memorandum of law in opposition on December 1, 1995.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v. DanburyHospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." CT Page 453 Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., 230 Conn. 660, 665, 646 A.2d 143 (1994).
The defendant contends that this action is barred by the doctrine of res judicata because the plaintiffs' claim has already been determined in Fullin v. Pusey, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 118495 (January 23, 1995, Karazin, J.), in which the court determined that the plaintiffs did not obtain the defendant's written permission to install a swimming pool, in violation of the restrictive covenant. The plaintiffs argue that the issue in the previous case was whether written permission was required, while the issue in the present case is whether written permission may be arbitrarily refused.
"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which mighthave been offered for that purpose. . . . The doctrine of res judicata, therefore, applies not only to claims actually made and litigated . . . but also to claims that a party could have made in the initial action." (Citations omitted; emphasis in original; internal quotation marks omitted.) DeMilo Co. v. Commissioner ofMotor Vehicles, 233 Conn. 281, 292-93, 659 A.2d 148 (1995).
The issue in the previous action was whether the plaintiffs had to remove an above ground swimming pool they had installed in violation of a restrictive covenant. The court, Karazin, J., determined that because the plaintiffs did not obtain the written permission of the defendant the swimming pool had to be removed. Even if the plaintiffs are correct in that the issue of whether the defendant can arbitrarily refuse to give his written permission was not decided in the previous action such a claim could have beenmade in the earlier action. Accordingly, the defendant's motion for summary judgment is granted.
HICKEY, J. CT Page 454